IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL JOSEPH TRUJILLO,

    Petitioner,               No. CIV S-05-2251 DFL KJM P

    vs.

A. SCRIBNER,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss arguing that petitioner's habeas application is untimely.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

1

filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on April 15, 2003 when time expired for petitioner to file an application for writ of certiorari with the United States Supreme Court concerning the January 15, 2003 denial of his petition for review by the California Supreme Court. See Resp't's Lodged Doc. 3; Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent any tolling of the limitations period, the period ran out on April 15, 2004. This action was not commenced until November 7, 2005.

Petitioner commenced a previous habeas action in this court on December 23, 2003 (CIV S-03-2625 GEB KJM P). On March 21, 2005, that action was dismissed because plaintiff had not exhausted state court remedies with respect to his claim. Respondent notes correctly that petitioner is not entitled to tolling of the limitations period while a prior federal application for writ of habeas corpus was pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Petitioner argues that he is entitled to equitable tolling of the limitations period. "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner argues that the failure of his counsel on direct appeal to raise the issue presented in this action in the California Supreme Court caused petitioner to file this action late. However, petitioner still could have filed this action in a timely manner had petitioner filed a state petition for writ of habeas corpus

2

in the California Supreme Court before the limitations period expired, thereby satisfying the federal exhaustion requirement. See 28 U.S.C. § 2254(b). Petitioner did file such a state petition, but not until November 5, 2004. See Resp't's Lodged Doc. 4.

Based on the foregoing, petitioner's habeas application must be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 10, 2006 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2007.

_____
U.S. MAGISTRATE JUDGE

---

1
truj2251.157