IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JOSEPH TRUJILLO,<br><br>                Petitioner,<br><br>    vs.<br><br>A. SCRIBNER, Warden,<br><br>                Respondent. | No. 2:05-cv-02251-JKS-KJM<br><br>ORDER DENYING REQUEST FOR<br>CERTIFICATE OF APPEALABILITY<br>[Docket No. 16] |

       At Docket No. 16 Petitioner Manuel Joseph Trujillo filed a Notice of Appeal Combined with Request for Certificate of Appealability. Respondent has not opposed the request.

       Petitioner has requested a COA on the issue of whether the error of appellate counsel to raise the issue raised in his petition on his direct appeal to the California Supreme Court was sufficient grounds to establish equitable tolling. Under controlling law, the mere negligence or inadvertence of counsel is insufficient grounds to constitute equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002) (miscalculation of counsel in calculating the statutory deadline for filing a habeas petition under AEDPA insufficient); *Frye v. Hickman*, 1144, 1146 (9th Cir. 2000) ("conclud[ing] that the miscalculation of the limitations period by ... counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"). Only egregious errors of counsel are sufficient to support application of equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (holding that attorney was sufficiently egregious to justify equitable tolling of the one-year federal habeas limitations period where the attorney was hired nearly a full year in advance of the deadline for filing a petition, but completely failed to prepare and file a petition despite fact that petitioner and his mother contacted him numerous times, by telephone and in writing, seeking action, and where, despite a request that he return petitioner's file, the attorney retained it for the duration of the limitations period and more than two months beyond). The omission of counsel to raise the

unexhausted issue in this case, while, perhaps, sufficient to constitute ineffective assistance of counsel, is more akin to the ordinary negligence in *Miranda* and *Frye*, than the egregious omissions in *Spitsyn*. It is, therefore, insufficient to trigger equitable tolling.

For the foregoing reasons the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)); *Hoffman v. Arave*, 455 F.3d 926, 943 (9th Cir. 2006) (same). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

IT IS SO ORDERED.

Dated: January 3, 2008

                                                                  s/ James K. Singleton, Jr.
                                                                   JAMES K. SINGLETON, JR.
                                                                   United States District Judge